

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joe Beaty
County Auditor
Stephens County
Breckenridge, Texas

Dear Mr. Beaty:

Opinion No. 0-5979

Re: Fees of County Clerk in a lunacy proceeding and another question.

Your letter of April 19, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"Stephens County is on a fee system.

"I would like to know if the County Clerk is or is not entitled to any fee for probating the court's action in a lunacy case.

"No. 2. Also would County Clerk be entitled to a fee in probating an application for a person to be sent to a T. B. sanitorium."

Title 92, Vernon's Annotated Civil Statutes pertains to the apprehension, arrest and trial of persons of unsound mind not charged with a criminal offense. Article 5561, Vernon's Annotated Civil Statutes, provides:

"In such cases the officers shall be allowed the same fees as are now allowed for similar services performed in misdemeanor cases, and the jurors shall each be allowed a fee of One ($1.00) Dollar, to

be paid out of the estate of the defend-
ant if he have an estate, otherwise by
the County on accounts approved by the
County Judge."

You are respectfully advised that if the defend-
ant in a lunacy proceeding has an estate the fees of the
County Clerk should be paid out of said estate. However,
if the said defendant does not have an estate from which
to pay the costs in such a proceeding, then the fees of
the County Clerk and the fees of other officers, as well
as the jury fees, should be paid by the county out of the
General Fund of said county.

We now consider your second question. Articles
3239 to 3241, inclusive, Vernon's Annotated Civil Statutes,
deal with State tuberculosis sanitoriums, and the admission
of patients thereto. Article 3242 provides that the parent,
guardian or friend of any patient seeking admission to the
State Tubercular Hospital may make application in writing
and under oath to the County Judge of the county wherein
such patient resides, for admission of said patient into
the State Colony or Hospital. Said statutes provide cer-
tain requirements as to what said application shall contain,
such as name, age, relatives, property, etc. Article 3243
provides that the application must be accompanied by the
kind of physician's certificate outlined by said statute,
etc. Article 3244, among other things, provides that the
County Judge, if satisfied that a person should be admit-
ted, shall forward the application described in Article
3242, together with the County Judge's application for ad-
mission for said patient, to the State Colony or Hospital.
Patients are classed as indigent, non-indigent and private
patients.

We have been unable to find any statute which
provides a fee for the County Clerk for his services in
such matters.

Statutes prescribing fees for public officers
are strictly construed; and hence a right to fees may not
rest an implication. McCalla v. City of Rockdale, 246
S. W. 654.

The Constitution fixes the compensation of cer-
tain officers, and authorizes the Legislature to provide
by law for the compensation of all other officers, servants,
agents and public contractors. Pursuant to the authority thus

conferred, numerous statutes have been passed fixing the compensation for various classes of officers. As hereinabove stated, the compensation of public officers is fixed by the Constitution and statutes. An officer may not claim any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Binford v. Robison, 244 S. W. 807; McLennan County v. Boggess, 217 S. W. 345; Duclos v. Harris County, 291 S. W. 611, affirmed 298 S. W. 417; Crosby County Cattle Co. v. McDermett, 281 S. W. 202.

On May 20, 1932, this department held in an opinion written by Honorable J. A. Stanford, Jr., Assistant Attorney General, recorded in Vol. 334, pp. 799-800, Letter Opinions of the Attorney General of Texas, that the County Judge is not entitled to any fees for the duties performed by him in securing admission of tuberculars to the State Colony or Hospital. Therefore, you are respectfully advised that it is our opinion the County Clerk is not entitled to any fee in such cases.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW-MR

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN